United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Plaintiff-Respondent,* | § | |
| | § | |
| v. | § | Crim. No. 4:18-cr-00497 |
| | § | Civ. No. 4:21-cv-00583 |
| Molika Akwo Nweme, | § | |
| | § | |
| *Defendant-Movant.* | § | |
| | § | |
| | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

On November 15, 2019, this Court sentenced Defendant Molika Akwo
Nweme to 60 months in prison and 36 months of supervised release following
his guilty plea to the false use of a passport.  Crim. Dkt. 69 at 1-3.[1]  After
unsuccessfully appealing the judgment, Nweme filed a motion under 28 U.S.C.
§ 2255, requesting that his sentence be reduced to time served.  Civ. Dkt. 1.
The United States of America (the "Government") has moved to dismiss
Nweme's request for relief.  Civ. Dkt. 11.  Because Nweme has failed to
establish a claim under § 2255, it is recommended that this Court deny

---

[1] Entries in Crim. No. 4:18-cr-00497 are referenced as "Crim. Dkt. [number]."  Entries
in Civ. No. 4:21-cv-00583 are referenced as "Civ. Dkt. [number]."

Nweme's motion and grant the Government's motion to dismiss.  It is further recommended that a certificate of appealability be denied.

### Background and Procedural History

In 2018, Nweme was indicted on two counts of false use of a passport and one count of visa fraud.  Crim. Dkt. 1.  Although initially appointed counsel, Newme subsequently retained an attorney to represent him.  Crim. Dkt. 17, 19.  Pursuant to a plea agreement, Nweme pleaded guilty to two counts of false use of a passport, 18 U.S.C. § 1543.  Crim. Dkt. 69 at 1.

Under the agreement, and in exchange for Nweme's guilty plea for two violations of 18 U.S.C. § 1543, the Government had agreed to dismiss the remaining charge for criminal fraud, 18 U.S.C. § 1546(a).  Crim. Dkt. 1 at 2, Dkt. 33 at 5.  The Government further agreed to move for a one-level reduction in Nweme's sentencing guideline range, but only if (1) the Court determined that Nweme qualified for an acceptance-of-responsibility reduction, and (2) Nweme's offense level before applying that reduction equaled or exceeded level 16.  Crim. Dkt. 33 at 5.

At the rearraignment, the Court questioned Nweme extensively to ensure he understood the plea agreement and its ramifications.  Crim. Dkt. 92 at 8-12.  Nweme confirmed that his attorney had reviewed the agreement with him, that Nweme had read the entire agreement, and that he understood its terms, including the sections addressing waiver of his right to appeal and right

to collateral review.  *Id.* at 8-10.  After acknowledging each provision, Nweme stated that he wished to enter a guilty plea.  *Id.*  The Court found that Nweme's decision to plead guilty was knowing and voluntary.  *Id.* at 22.

At the subsequent sentencing hearing, the Court found that Nweme had refused to accept responsibility for the fraud underlying his false use of the passports, which added to, enhanced, and enabled "the larger fraudulent schemes that were going on ...."  Crim. Dkt. 89 at 13.  In particular, the Court found a "great deal of dissembling" on Nweme's part, including Nweme's attempt to downplay various false representations as "puffing."  *Id.* at 10.  For those reasons, the Court found that Nweme was not entitled to a credit for acceptance of responsibility.  *Id.* at 11-12; *see also* U.S. Sent'g Commission, Guidelines Manual § 3E1.1 (Nov. 2018).  Based on the factors set forth in 18 U.S.C. § 3553(a), the Court then sentenced Nweme to 60 months imprisonment and 36 months of supervised release.  *Id.* at 12.

Nweme appealed his sentence, asserting that (1) the Government violated the terms of the plea agreement by using against him certain information that he had provided; (2) the Government committed misconduct by arguing against Nweme's acceptance of responsibility in retaliation for his objections to the presentence investigation report; (3) the Court failed to properly consider counsel's arguments showing that Nweme had cooperated with the Government and accepted responsibility for his actions; and (4) his

3

counsel failed to object to the miscalculation of the amount of loss for an entity named "Precision Seals," which affected Nweme's offense level.  Civ. Dkt. 11-3 at 7-16.  Nweme's appointed appellate counsel filed a brief pursuant to *Anders v. California*, stating that Nweme lacked any legally nonfrivolous issue to raise on appeal.  Civ. Dkt. 11-1.  The Fifth Circuit agreed and dismissed the appeal without prejudice to collateral review of Nweme's ineffective assistance of counsel claims.  *See United States v. Nweme*, 811 F. App'x 208 (5th Cir. 2020) (per curiam) (citing *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014)), *cert. denied*, 141 S. Ct. 1114 (2021); Crim. Dkt. 99 (judgment).

Nweme then moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which this Court denied.  Crim. Dkt. 101, 108.  On appeal, the Fifth Circuit vacated that decision and remanded for further consideration in light of intervening authority.  Crim Dkt. 125.  On remand, this Court denied Nweme's requested relief, concluding again that he failed to show that early release was warranted.  Crim. Dkt. 126.  Notably, the Court referenced its prior finding that Nweme had not accepted responsibility for his actions: "instead of owning up to his crimes and taking responsibility, Nweme made excuses and contended that he was a victim and that his methods amounted to 'puffing' to minimize his role in his fraud."  *Id.* at 10.

In the interim, on February 22, 2021, Nweme filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.  Civ. Dkt. 1;

4

Crim. Dkt. 109.  The Government filed a combined opposition and motion to dismiss.  Civ. Dkt. 11; Crim. Dkt. 128.  After Nweme filed a response, Civ. Dkt. 10; Crim. Dkt. 132, the case was referred to the undersigned judge.

## Standard of Review

Section 2255 sharply curtails the district court's authority to vacate, modify, or correct a sentence.  To obtain relief, a movant must show that (1) the sentence violates the U.S. Constitution or other federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack …."  28 U.S.C. § 2255.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice."  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (per curiam).

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence.  *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).  Absent "independent indicia" that the movant's

claims likely have merit, an evidentiary hearing is not required. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Allegations of a pro se movant are liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

## Analysis

Nweme asserts multiple grounds for vacating or reducing his sentence, two of which are interrelated. Civ. Dkt. 1. Conversely, the Government contends that most of Nweme's claims are barred by the waiver of collateral review in his plea agreement, and his claims are meritless in any event. Civ. Dkt. 11 at 13-16. Because the Court agrees that Nweme's contentions fail on the merits, it declines to address the impact of the waiver.

## I. Nweme's arguments are barred by the law of the case doctrine.

Except for Nweme's embedded ineffective-assistance-of-counsel claim, which is addressed *infra*, Part II, the Fifth Circuit expressly considered and necessarily resolved all of Nweme's contentions during his direct appeal. The law-of-the-case doctrine therefore bars Nweme from relitigating them through a § 2255 motion.

A court reviewing a § 2255 motion will not reconsider "claims of error raised and disposed of on direct appeal." *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)); *see also United States v. Webster*, 392 F.3d 787, 791 n.5 (5th Cir.

2004) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions.") (quoting *United States v. Kalish*, 780 F.2d 506, 508 n.5 (5th Cir. 1986)).  Any issue resolved on direct appeal constitutes the "law of the case" that cannot be revisited through a § 2255 motion.  *See United States v. Rodriguez*, 821 F.3d 632, 634 (5th Cir. 2016) (holding that § 2255 relief was unavailable based on an issue that was decided on defendant's prior appeal); *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) ("Section 2255 may not be used to secure a second direct appeal.").

The law-of-the-case doctrine not only bars relitigation of issues that were "explicitly decided," but also "applies to those issues decided by necessary implication." *Rodriguez*, 821 F.3d at 634 (quoting *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013)).  Although the doctrine is discretionary, its exceptions are limited to instances where "(1) [t]he evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

Applying these principles, Nweme's grounds for relief (other than his ineffective-assistance-of-counsel contention) are barred as litigated and necessarily resolved during his prior appeal.   Indeed, Nweme himself

7

acknowledges that he presented the same arguments during that appeal. *See*
Civ. Dkt. 1 at 4, 5, 7, 8 (checking "yes" in response to the question: "did you
raise this issue" on direct appeal).

Two of Nweme contentions in his § 2255 motion concern the denial of
acceptance-of-responsibility credit. Liberally construed, Nweme first alleges
that the Government committed misconduct by arguing against his
entitlement to acceptance of responsibility credit, in retaliation for his
objections to the presentence investigation report. *See* Civ. Dkt. 1 at 4 (alleging
that "[a]cceptance of responsibility was giv[en] to me by the probation office ...
and was later tak[en] away and denied" because he "made objections to the
presentencing report"). Relatedly, and as a fourth ground, Nweme contends
that the Court did not properly consider arguments by his counsel that Nweme
had assisted and cooperated with the Government. *Id.* at 8 (alleging that his
"assistance and cooperation to the government was not giv[en] room for
deliberation by the court"). These two contentions are substantively identical
to Nweme's arguments on direct appeal. *See* Dkt. 11-3 at 8-9 (contending the
Government argued against acceptance of responsibility simply because he
objected to the loss-calculation in the presentence investigation report); *id.* at
13 (claiming these actions constituted prosecutorial misconduct); *id.* at 15
(arguing that the Court did not "giv[e] room for argument raised by my lawyer
about my assistance and cooperation for deliberation during sentencing").

8

Similarly, Nweme's two other grounds were raised in his prior appeal. Like his appellate brief, Nweme's § 2255 motion claims that the Government breached the plea agreement by using against him certain information he had voluntarily provided. *Compare* Civ. Dkt. 1 at 5 of pdf, *with* Dkt. 11-3 at 3, 15-16 (both claiming that the Government improperly used Nweme's statements against him despite allegedly promising to refrain from doing so). Also like his direct appeal, Nweme contends that the probation office, and then the Court, miscalculated a portion of the loss amount (regarding an entity called Precision Seals) as $160,000 instead of $21,000. *Compare* Civ. Dkt. 1 at 7 of pdf ("I was wrongly charged a lose [six] amount of $160,000 instead of $21,000 from precision seals by the probation office."), *with* Dkt. 11-3 at 9, 12 (asserting "i was wrongly charged $160,000 instead of $21,000 that i received," and that the probation office incorrectly calculated this amount).

The foregoing contentions necessarily were resolved in Nweme's prior direct appeal. The Fifth Circuit explicitly considered both Nweme's brief and his counsel's *Anders* brief before dismissing his appeal "as frivolous." Crim. Dkt. 99 at 1. In doing so, the Fifth Circuit impliedly rejected Nweme's arguments on the merits. *See Rodriguez*, 821 F.3d at 634; *see also, e.g.*, *Martinez-Arellano v. United States*, 2017 WL 3485433, at *4 (S.D. Tex. June 28, 2017) (applying same rationale to conclude that defendant's contentions were barred by law-of-the-case doctrine), *report and recommendation adopted*,

2017 WL 3480653 (S.D. Tex. Aug. 14, 2017). This Court is bound to that determination, particularly when Nweme has not shown—and the record does not support—any justification for revisiting it, such as new evidence, an intervening change to controlling law, or clear error resulting in manifest injustice. *See Martinez-Arellano*, 2017 WL 3485433, at *4 (similar deficiency).

Even if Nweme had not raised these arguments in his prior appeal, they *could have been* presented at that juncture. "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Vaughn*, 955 F.2d at 368 (explaining that such claims include "[a] district court's technical application of the Guidelines"). Claims of constitutional or jurisdictional magnitude can be asserted in a § 2255 motion, but only if the defendant demonstrates both cause for failing to raising them on direct appeal and prejudice resulting from that omission. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Nweme has not shown that any assumed failure to raise these claims was justified, or that he was prejudiced as a result. Nor does the record reflect any justification or prejudice. For this alternative reason, Nweme's contentions are procedurally barred.

## II.  Nweme's ineffective assistance of counsel argument is meritless.

Applying liberal construction, Nweme's third ground appears to embed a claim that his trial counsel was ineffective. According to Nweme, his attorney improperly failed to challenge the probation office's miscalculation of the loss

amount associated with Precision Seals.  Civ. Dkt. 1 at 7 (claiming that counsel "kept [forgetting] because he had a lot of trials he was attending for his other clients").   This claim fails to satisfy either requirement of *Strickland v. Washington*, 466 U.S. 668 (1984).

To obtain relief for ineffective assistance of counsel, a defendant first must show that the attorney's representation was deficient.  *See id.* at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (internal quotation marks omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985) (extending *Strickland* to plea bargains).

Reviewing Nweme's § 2255 motion alongside the more expansive contentions in his prior appellate brief, *see* Dkt 11-3 at 10-11, the Court finds that Nweme has not demonstrated that his attorney's conduct was deficient. In fact, the record refutes Nweme's assertion that counsel failed to dispute the loss amount for Precision Seals.  Before the sentencing hearing, Nweme's attorney filed a memorandum that explicitly challenged the calculation provided in the presentence investigation report.  Crim. Dkt. 48 at 9-10 (arguing that the loss amount should be $21,000, rather than "over $160,000").

11

To the extent that Nweme argues that counsel should have raised the issue again at the sentencing hearing, that is insufficient to show that counsel was deficient. Under this prong of *Strickland*'s test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [process] with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). In this case, Nweme's counsel made a strategic choice to forgo repeating an objection that he already made. This was not objectively unreasonable, nor did it render the sentencing proceeding unfair.

Nweme also fails to satisfy the second prong of *Strickland*, which requires showing that the attorney's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. In the context of guilty pleas, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58.

Nweme does not contend that his attorney's failures caused him to plead guilty when he otherwise would not have done so; he simply argues that he should have received a different sentence. *See* Civ. Dkt. 1 at 12 (requesting

reduction of his sentence to time served). This is insufficient to demonstrate prejudice. *See Hill,* 474 U.S. at 59; *see also, e.g., Deiotte v. Quarterman*, 2008 WL 3285248, at *7 (S.D. Tex. Feb. 7, 2008) (concluding that petitioner failed to show prejudice when he "does not allege that, but for his counsel's advice, he would not have pleaded guilty and would have insisted on a trial"). Nweme's ineffective assistance of counsel claim should be rejected.

## III. The Court should deny an evidentiary hearing and further decline to issue a certificate of appealability.

Because the record conclusively shows that Nweme is not entitled to relief, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b); *see also, e.g., United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). This Court should decline to hold one.

In addition, to obtain a certificate of appealability, Nweme must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, no reasonable jurist would debate the conclusion that Nweme's contentions fail to state a basis for relief under § 2255. This Court therefore should deny a certificate of appealability *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

13

## Recommendation

Nweme fails to demonstrate that he should be granted relief under 18 U.S.C. § 2255.  Accordingly, it is **RECOMMENDED** that Nweme's motion to vacate, set aside, or correct his sentence (Dkt. 1) be **DENIED**, and that the United States' motion to dismiss (Dkt. 11) be **GRANTED**.  It is further **RECOMMENDED** that the Court **DENY** an evidentiary hearing and **DENY** a certificate of appealability.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on October 18, 2022 at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge